UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

DOTT ACQUISITION, LLC

        Debtor,

_____/

TTOD LIQUIDATION, INC.,           CIVIL NO.  12-12133
and LAPEER PLATING &           ADV. PRO. NO. 11-05525
PLASTICS, INC.,                HON. LAWRENCE P. ZATKOFF

        Appellants,

v.

K. JIN LIM, as Chapter 7 Trustee for
DOTT ACQUISITION, LLC,

        Appellee.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 18, 2012.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Appellants and Appelle's joint motion to withdraw the

reference from the bankruptcy court (Case No. 11-05526) [dkt 1].  Because the parties have filed

the motion jointly, no additional briefing has been filed.  The Court finds that the facts and legal

arguments are adequately presented in the parties' motion such that the decision process would not

be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby

ORDERED that the motion be resolved on the joint motion submitted.  For the following reasons, the parties' joint motion to withdraw the reference is DENIED.

## II.  BACKGROUND

The following background is based on the parties' allegations in their motion.  The parties allege that the underlying bankruptcy case was commenced by the filing of an involuntary petition on October 21, 2010.  On May 11, 2011, Appellants commenced a related adversary proceeding seeking declaratory and injunctive relief.  Appellee asserted a counterclaim against Appellants that contain "a substantial mix of both core and non-core proceedings, within the meaning of 28 U.S.C. § 157(b), including several claims based in state law."  The parties further allege that the bankruptcy and state law claims are so closely intertwined that the adversary proceeding must be completely withdrawn from the bankruptcy proceeding.  Additionally, Appellee's jury demand also purportedly necessitates withdrawal.

## III.  LEGAL STANDARD

All bankruptcy-related proceedings filed in this Court are automatically referred to the bankruptcy court for this district.  *See* 28 U.S.C. § 157(a); E.D. Mich. L.R. 83.50.  Motions to withdraw references from the bankruptcy courts are governed by 28 U.S.C. § 157(d), which states that:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(emphasis added).  Thus, § 157(d) provides for either mandatory or permissive withdrawal of

proceedings from the bankruptcy court.

## IV.  ANALYSIS

The parties' joint motion to withdraw fails to establish that the adversary proceeding should be or must be withdrawn from the bankruptcy court under 28 U.S.C. § 157(d).  First, the parties' joint motion is unaccompanied by any brief.  While an attached brief would not guarantee the parties' success on their motion, its implausible to conduct any analysis under § 157(d) when the parties have only provided the Court with two-pages consisting of a mere ten allegations.

Second, those ten allegations are wholly conclusory and fail to provide the Court with any information on the adversary proceeding or the bankruptcy proceeding at issue.  The parties' joint motion only states that the bankruptcy proceeding "commenced by . . . involuntary petition" and the adversary proceeding seeks "declaratory and injunctive relief," which includes "state law claims" that are both "core and non-core proceedings."  Section 157(d), however, requires the parties to show "cause" for permissive withdrawal.  The parties' joint motion falls far below showing "cause."  The parties have not even identified the "declaratory and injunctive relief" requested or listed the "state law claims" asserted.

Third, the parties' joint motion is unaccompanied by any exhibits supporting their allegations.  Aside from failing to support their assertions, the parties' joint motion even states that a proposed order is attached as Exhibit 1, yet the joint motion received by the Court has no exhibits attached.

Fourth, the Court must only withdraw the proceeding "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  No such

3

determination can be completed on the inadequate filing before the Court.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that  Appellants and

Appelle's joint motion to withdraw the reference from the bankruptcy court (Case No. 11-05526)

[dkt 1] is DENIED.  Having resolved all matters before the Court, this case is closed.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on June 18, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

4